IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**VICTORIA JEFFREY**,

Plaintiff,

vs.

**DANIEL N. GORDON, P.C.**,

Defendant.

Civil Case No. 10-1218-KI

OPINION AND ORDER

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Road, Suite 150
Lake Oswego, Oregon  97035

    Attorney for Plaintiff

Jonathan M. Radmacher
Kjersten H. Turpen
McEwen Gisvold LLP
1100 SW Sixth Avenue
Portland, Oregon  97204

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Victoria Jeffrey brings a complaint under the Fair Debt Collection Practices Act ("FDCPA"), alleging that defendant Daniel N. Gordon, PC, falsely stated the name of the original creditor ("Washington Mutual" instead of "First Bank and Trust") in a letter responding to her questions. Pending before me are the parties' cross-motions for summary judgment.

## BACKGROUND

The parties agree plaintiff was a consumer, for purposes of the debt at issue here, and that defendant was attempting to collect the debt from plaintiff. It did so by first sending a demand letter to plaintiff dated March 22, 2010. The letter informed plaintiff that it was attempting to collect "a debt owed by you to MIDLAND FUNDING LLC, purchaser of your FIRST BANK AND TRUST debt." Aff. of Aylworth in Supp. of Def.'s Mot. for Summ. J. Ex. 1. Plaintiff responded by sending a letter dated March 26, 2010 disputing the debt and asking for validation.

At this point, defendant sent the communication to plaintiff that is the subject of this lawsuit. On August 19, 2010, defendant sent a letter in response to plaintiff's request for validation. The cover letter read, in relevant part:

AUGUST 19, 2010

| | |
|---|---|
| Creditor: | Midland Funding LLC |
| Original Creditor: | WASHINGTON MUTUAL BANK |
| Account #: | 5181********3414 |
| Reference #: | 6011222442 |
| Current Balance: | $1,236.17 |

Dear Victoria Jeffrey:

  Enclosed please find the documents per your request for validation of your debt with our law office.

  * * * *

Page 2 - OPINION AND ORDER


       This letter is from a debt collector. This is an attempt to collect a debt and any information will be used for that purpose.

       Sincerely yours,

       DANIEL N. GORDON, P.C.

Aylworth Aff. Ex. 3, at 1. Accompanying the cover letter, defendant sent account statements for account number 5181********3414, matching the number correctly listed on the cover letter and detailing the amounts owed on plaintiff's Aspen Mastercard.

On September 20, 2010, defendant sent a second letter to plaintiff providing an identical set of the documents that had accompanied the August cover letter. This second letter read, in relevant part:

       SEPTEMBER 20, 2010

| | |
|---|---|
| Creditor: | Midland Funding LLC |
| Original Creditor: | FIRST BANK AND TRUST/ASPEN MASTERCARD |
| Account #: | 5181********3414 |
| Reference #: | 6011222442 |
| Current Balance: | $1,381.26 |

Dear Victoria Jeffrey:

       Enclosed please find the documents per your request for validation of your debt with our law office.

       * * * *

       This letter is from a debt collector. This is an attempt to collect a debt and any information will be used for that purpose.

       Sincerely yours,

       DANIEL N. GORDON, P.C.

Id. Ex. 4, at 1. The only differences between the August and September cover letters were that defendant had incorrectly identified the original creditor in the August cover letter as Washington Mutual Bank, not First Bank and Trust, and it updated the amount plaintiff owed.

Defendant was not attempting to collect any other debts from plaintiff.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Plaintiff alleges defendant violated 15 U.S.C. §§ 1692e(2)(a) and 1692e(10) of the FDCPA. Those sections prohibit "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e. For example, a debt collector may not falsely represent the "character, amount, or legal status of any debt" or use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. Any misrepresentation must be material, in that it would likely mislead "the least sophisticated debtor." Donohue v. Quick Collect, Inc., 592 F.3d

Page 4 - OPINION AND ORDER

1027, 1030 (9th Cir. 2010) (statement that $32.89 was interest, when it was both interest and finance charges, was immaterial).  The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." Id. at 1030.  Additionally, it is a remedial statute and must be construed liberally in favor of the debtor.  Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006).

  Plaintiff argues the August cover letter incorrectly identifying the original creditor constitutes a false representation under the FDCPA.  Further, she argues it was a material misrepresentation because she did not owe a debt to Washington Mutual and she was afraid any payment she made would be incorrectly allocated to the wrong creditor.  She was also concerned about the legitimacy of defendant's collection efforts.

  I find the alleged false statement does not meet the criteria under the FDCPA.  The case is most like Guerrero v. RJM Acquisitions LLC in which the collector sent two almost identical letters to the consumer demanding payment on a debt to his two separate addresses.  The first piece of correspondence listed the account and file number followed by the letter "A" and the second piece of correspondence listed the same account and file number followed by the letter "B."  499 F.3d 926, 930 (9th Cir. 2007).  Applying the least sophisticated debtor standard, the court concluded that given the identical original creditor name, last payment date, and balance amounts such a debtor would know that the creditor was attempting to collect only one debt.

  Here, defendant's August letter correctly identified the current creditor and account number and, most importantly, attached the relevant account statements for plaintiff to satisfy herself as to the name of the original creditor.  The fact that the account number on the cover letter matched the account number contained in the statements would assure even the least

Page 5 - OPINION AND ORDER

sophisticated creditor that any payments would satisfy the debt as to that account number. The statements would also confirm for such a debtor the defendant's authority to collect this debt. Finally, it would be apparent both from the statements and the follow-up letter that defendant was attempting to collect a debt originally owed to First Bank and Trust/Aspen Mastercard, not Washington Mutual Bank.

Since the false statement was not material, I conclude that defendant is entitled to judgment as a matter of law as no rational trier of fact could conclude that defendant's technically false representation of the name of the creditor in this circumstance was a violation of the FDCPA.

As a result of my ruling, plaintiff's motion for summary judgment is denied.[1]

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment [17] is granted and plaintiff's Motion for Summary Judgment [19] is denied. The case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      25th      day of May, 2011.

  /s/ Garr M. King
Garr M. King
United States District Judge

---

[1] In response to plaintiff's Motion for Summary Judgment, defendant points out procedural errors made by plaintiff's counsel in filing the motion. Plaintiff's counsel should have included a conferral statement pursuant to LR 7-1(a). Additionally, having decided to file a Concise Statement of Material Facts, which is now optional, plaintiff's counsel should have done so in a separately filed document accompanying his motion and memorandum just as the previous rules required. Finally, plaintiff's counsel must remember to attach exhibits to a sworn declaration or affidavit. See Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002). I point this out only for plaintiff's counsel's future practice in federal court.